UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>RELATOR, LARRY MILLER<br>*Plaintiff*<br><br>VS.<br><br>MEDICAL CENTER HOSPITAL<br>DISTRICT d/b/a/ MEDICAL CENTER<br>HOSPITAL and COMPLETE RX<br>LIMITED, INC.<br>*Defendants* | § § § § § § § § § § § | CAUSE NO. MO-10-CV-042-HLH |

**MOTION TO DISMISS RELATOR'S FIRST AMENDED COMPLAINT
AND MEMORANDUM OF LAW IN SUPPORT THEREOF BY DEFENDANT,
COMPLETE RX LIMITED, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Complete RX Limited, Inc., one of the Defendants in the above styled and numbered cause, hereinafter "Complete RX", and files its Motion to Dismiss Plaintiff's suit for failure to satisfy and comply with the pleading requirements pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for lack of standing as to Plaintiff's common law causes of action, and would respectfully show the Court the following:

**I.
NATURE OF SUIT**

Larry Miller, hereinafter "Relator", filed this action under seal, as required by the *qui tam* provision of the False Claims Act, hereinafter "FCA", *see* 31 U.S.C. § 3729 *et seq*, on April 13, 2010. On March 16, 2011, the United States filed its Notice of Election to Decline Intervention

pursuant to FCA § 3730(b)(4). Additionally, Larry Miller sought relief for his claims of unjust enrichment and conversion. On May 2, 2011, Defendant Complete RX filed its Motion to Dismiss and Memorandum of Law. On May 10, 2011, Relator filed both his Motion to Amend Complaint and his Response to Complete RX's Motion to Dismiss. On June 13, 2011, the Court granted Relator's Motion to Amend Complaint and on the same day Relator filed his First Amended Original Complaint.

## II.
## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Relator was employed by Medical Center Hospital, also a defendant in this suit, until his resignation in March 27, 2009. (Amended Compl. at ¶ 72). He alleges that while employed with Medical Center Hospital, drugs intended for outpatient basis/indigent care were being removed from the pharmacy and given to ineligible recipients. (Amended Compl. at ¶ 55). He further alleges that these drugs were billed to the Federal Government/Medicare/Medicaid. (Amended Compl. at ¶ 56). Additionally, Relator admits that he does not know who took the drugs from the pharmacy, when they were taken, or even why they were taken. (Amended Compl. at ¶ 42, 57). He does not plead facts that establish how these drugs were removed from the pharmacy and fails to specify what drugs were taken. Further, Relator refers to notes left indicating these drugs were being removed from the pharmacy, yet does not plead facts indicating the dates such notes were found, the language contained in the notes, or the quantity of notes found by him personally. (Amended Compl. at ¶ 46). Relator alleges that Complete RX submitted false or fraudulent claims to Medicare/United States Government/Medicaid for payment between January 1, 2004 and the time his Original Complaint was filed. (Amended Compl. at ¶ 81). He goes on to allege, that in his estimate, there have been over 100,000 false claims submitted to obtain federal funds. (Amended Compl. at ¶ 82). Further,

Relator contends doctors sent in prescriptions to the out-patient/in-patient pharmacy, even though neither the doctor nor the patient associated with the prescription had anything to do with the pharmacy. (Amended Compl. at ¶ 49). Relator however fails to plead facts indicating dates in which this occurred or names of doctors and patients involved in this alleged fraudulent activity. Additionally, as a result of the actions alleged above, Relator claims that Complete RX has been unjustly enriched and is liable for conversion. (Amended Compl. at ¶ 83-86).

### III.

### ARGUMENTS AND AUTHORITIES

#### A. False Claims Act

**i. Federal Rule of Civil Procedure 12(b)(6).**

In order to survive a Rule 12(b)(6) motion for dismissal, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). While in general, a civil complaint in federal court need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," this rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," or supersede the requirements of Federal Rule of Civil Procedure 9(b) as discussed below. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1951-50 (2009); *see also U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting motions to dismiss play a "screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later"). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Importantly, conclusory allegations of

fact are not accepted as true. *Id.* at 1951.

As with Relator's Original Complaint, his conclusory allegations found in his First Amended Original Complaint fail to set forth any factual allegations and he has based the whole of his pleadings on mere speculation. Relator concedes in his First Amended Original Complaint that he has no knowledge of who removed the drugs from the pharmacy, when they were removed, or even why they were removed. (Amended Compl. at ¶ 42, 57). Further, he fails to establish how these drugs were removed from the pharmacy. Perhaps most telling is the fact that Relator fails to plead any facts as to what specific drugs were removed from the pharmacy. In order to determine the quantity of drugs removed, and in turn to determine the number of false claims made thereafter, one would assume that the Relator would need to know each specific drug missing. Further, in his Amended Original Complaint, Relator appears to be basing most, if not all of his allegations on notes being left behind indicating drugs were removed from the pharmacy. (Amended Compl. at ¶ 38, 46). However, Relator does not establish who left the notes, what days they were left, the specific language contained in the notes, or the quantity of notes found by him personally. Despite this glaring speculation, Relator would have the Court believe Complete RX submitted fraudulent claims to Medicare/U.S. Govt./Medicaid, without pleading a single fact indicating how this occurred.

Additionally, Relator appears to rely heavily on the premise that facts which support his claims will not be established until the completion of discovery. However, a Plaintiff armed with nothing more than speculation and conclusions shall not be afforded the privileges of the discovery process. *See Ashcroft,* 556 U.S. ___; *Kanneganti,* 565 F.3d at 185.

Further, Relator's pleadings fail to allege any facts indicating that Complete RX, its agent(s), representative(s), employee(s), and anyone else for that matter, knowingly presented, or caused to

be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval. Additionally, Relator has not pled any facts or offered any justification as to his assertion that Complete RX made a single fraudulent claim, let alone 100,000 such claims. The Fifth Circuit recently explained in *Kanneganti* that a relator must either allege with detail that a false claim was actually submitted to the government, or at a minimum allege "reliable indicia that lead to a strong inference that claims were actually submitted." *See Kanneganti*, 565 F.3d at 189-90. Relator's conclusory allegations do not present a plausible basis that a cause of action exists and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim in which relief could be granted.

### ii. Federal Rule of Civil Procedure 9(b)

FCA claims must satisfy the additional pleading requirements of Federal Rule of Civil Procedure 9(b). *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state **with particularity** the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). Here, to satisfy Rule 9(b) for a Section 3729(a)(1) claim, the Relator must allege both the particular details (*i.e.*, the who, what, when, where, and how) of a scheme to present bills to the government *and* facts creating a strong inference that false claims were in fact submitted to the government. *See Kanneganti*, 565 F.3d at 191. To satisfy Rule 9(b) for a Section 3729(a)(2) claim, Relator must plead the particular details (*i.e.*, the who, what, when, where, and how) of the making of a false record with the requisite intent of getting a false or fraudulent claim paid by the

government. *See Id.* at 193; *U.S. ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 874 (5th Cir. 2008) ("[A] relator alleging a § 3729(a)(2) violation must still show the 'who, what, when, where, and how of the alleged fraud.'").

Again, as with Relator's Original Complaint, Relator's FCA claims found in his First Amended Original Complaint do not satisfy the additional pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Relator has failed to identify who submitted these fraudulent claims, he has failed to identify what types of claims were submitted, and he has failed to establish how these fraudulent claims were submitted. He cannot identify the time in which these fraudulent claims were submitted other than indicating that he believes it was sometime between 2004 and the date in which his Original Complaint was filed. Further, even had Relator established some of the criteria required by Rule 9(b), he has yet to establish how any of these allegations can be tied to Complete RX. These bald and conclusory allegations fail to satisfy the exacting requirements of Rule 9(b), in that they are completely devoid of the required "who, what, when, where, and how." *See Thompson*, 125 F.3d at 903. Relator's First Amended Complaint does not comply with the heightened standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure in that it fails to allege with specificity any individual acts of wrongdoing by Complete RX, and should therefore be dismissed.

### B. Relator Lacks Standing To Bring Common Law Claims

A party invoking federal jurisdiction bears the burden of establishing standing. "Standing requires an injury in fact, 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *McAlpine v. Porsche Cars N. Am. Inc.*, No.09-10407, 2010 U.S. App. LEXIS 11240, at *9 (5th Cir. 2010) (*citing Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Additionally, while the False Claims Act allows the relator to bypass the standing barrier as to FCA claims, it "does not give relators the right to assert common law claims on behalf of the United States." *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass. 2000); *United States ex rel. Mayman v. Martin Marietta Corp.*, 894 F. Supp. 218, 225-26 (D. Md. 1995).

Despite failing to address Complete RX's challenges to his common law claims in his Response to Complete RX's initial Motion to Dismiss, Relator has again asserted causes of action for unjust enrichment and conversion. As argued in Complete RX's initial Motion to Dismiss, Congress has not granted the Relator any comparable FCA rights as to his common law claims for unjust enrichment and conversion. Since the United States chose not to intervene in this suit, Relator must establish his own independent and distinct standing in order to assert his common law claims. The Relator does not claim that he suffered an injury in fact or that an injury is imminent. He, therefore, lacks standing to assert any common law claims and his causes of action for unjust enrichment and conversion must be dismissed.

## VI.

## CONCLUSION

Relator's conclusory allegations do not present a plausible basis that a FCA cause of action exists and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim in which relief could be granted. Relator's First Amended Complaint as to his FCA cause of action does not comply with the heightened standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure in that it fails to allege with specificity any individual acts of wrongdoing by Complete RX, and should therefore be dismissed. Further, Relator lacks standing

to assert any common law claims for unjust enrichment and conversion, therefore these claims must be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant, COMPLETE RX LIMITED, INC., respectfully requests this court to dismiss Relator's claims against it. This Defendant prays that this Court pass judgment that Relator goes forth and takes nothing, and that Defendant be awarded any other such relief as it may be justly entitled.

Respectfully submitted,

/s/ Denis Dennis
DENIS DENNIS
State Bar No. 05655566

OF

KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311
Odessa, Texas 79760
(432) 367-7271
(432) 363-9121  (FAX)
ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>RELATOR, LARRY MILLER<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CAUSE NO. MO-10-CV-042-HLH |
| MEDICAL CENTER HOSPITAL<br>DISTRICT d/b/a/ MEDICAL CENTER<br>HOSPITAL and COMPLETE RX<br>LIMITED, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

## ORDER

BEFORE THIS COURT is Defendant, Complete RX Limited, Inc.'s Motion to Dismiss Relator's First Amended Complaint Under Rule 12(B)(6). The Court, after reviewing the Motion and the Pleadings on file herein, is of the opinion the Motion contains merit and should be GRANTED. Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED that Defendant, Complete RX Limited, Inc.'s Motion to Dismiss Relator's First Amended Complaint Under Rule 12(B)(6), is, hereby, GRANTED, and it is further ORDERED that all claims against Defendant, Complete RX Limited, Inc. are hereby DISMISSED.

SIGNED this _____ day of _____, 2011.

_____
JUDGE PRESIDING